UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM A. RYAN and ANTHONY J. RYAN,<br><br>                    Plaintiffs,<br><br>v.<br><br>SELECTIVE INSURANCE COMPANY OF AMERICA, a/k/a/ SELECTIVE INSURANCE GROUP, INC.; MERRIMACK MUTUAL FIRE INSURANCE COMPANY; BAY STATE INSURANCE COMPANY; JOHN DOES 1-10, and JOHN DOES 11-20,<br><br>                    Defendants. | Civ. No. 13-6823 (KM)(MCA)<br><br>**MEMORANDUM OPINION AND ORDER** |

**MCNULTY, D.J.,**

Plaintiffs William A. Ryan and Anthony J. Ryan ("Plaintiffs") own two single-family residences in Brick, New Jersey, that were destroyed by tidal flooding and high winds during Hurricane Sandy. (Complaint [ECF No. 1-1] at ¶ 6 to Count One, ¶ 8 to Count Nine). They are suing their insurers, who have denied coverage. Counts one through eight, directed against defendant Selective Insurance Company of America ("Selective"),[1] are based on the allegation that Selective issued two policies of flood insurance (one for each property) that should have covered flood damage experienced during Sandy. (*Id.* at ¶¶ 7-9 to Count One).[2]

Selective has filed a motion to dismiss counts three through eight of the complaint, as well as all claims for "extra-contractual relief," pursuant to

---

[1] And, in the alternative, John Does 1-10.

[2] Counts nine through sixteen, directed against defendants Merrimack Mutual Fire Insurance Company ("Merrimack") and Bay State Insurance Company ("Bay State"), as well as John Does 11-20, are based on allegations that they issued policies on each of the properties that should have covered wind damage suffered during Sandy. (*Id.* at ¶¶ 7-9 to Count Nine). These defendants have not moved to dismiss.

Federal Rule of Civil Procedural 12(b)(6). It has also moved to quash Plaintiffs' jury demand pursuant to Fed. R. Civ. P. 39(a)(2). [ECF No. 9].

Plaintiffs have since voluntarily dismissed counts three through eight. [ECF No. 11]. Plaintiffs have not filed any response to the other components of Selective's motion. Accordingly, unfortunately without the benefit of adversary briefing, I address the remaining issues: whether the claims for extra-contractual relief in counts one and two should be dismissed, and whether Plaintiffs have the right to a jury trial in this action. I do so on the papers, without oral argument. *See* Fed. R. Civ. P. 78(b).

**ANALYSIS**

Selective states that the two policies it issued are Standard Flood Insurance Policies ("SFIP"). It issues such policies as a participant in the "Write-Your-Own" policy program under the National Flood Insurance Program ("NFIP"). (*See* Selective's Br. Supp. Mot. [ECF No. 9-1] at 1).

The National Flood Insurance Act, 42 U.S.C. § 4001 *et seq.*, authorizes the director of the Federal Emergency Management Agency ("FEMA") to promulgate regulations "for the general terms and conditions of insurability which shall be applicable to properties eligible for flood insurance coverage," 42 U.S.C. §§ 4013, 4019, and to use private insurers such as Selective as "fiscal agents of the United States," *id.* at § 4081. The standardized terms and conditions of all SFIP policies are set forth in 44 C.F.R. Part 61, Appendix A(1). Private insurers like Selective may furnish SFIPs, with terms and conditions dictated by the governing regulations, via the "Write-Your-Own" program. *See* 44 C.F.R. § 62.23(d); 44 C.F.R. pt. 61 app. A(1).

*1. Motion to Dismiss Claims for Extra Contractual Relief*

The first part of Selective's pending motion seeks dismissal of Plaintiffs' claims for "extra-contractual relief." By that, Selective means incidental damages, consequential damages, punitive and exemplary damages, statutory treble damages, interest, attorney's fees and costs. (Selective Br. at 11).

As noted above, the only remaining counts against Selective are Counts One and Two. These essentially seek a declaratory judgment of coverage and damages for breach of contract. (Complaint at Counts One and Two). Because Counts One and Two do not seek punitive damages or statutory treble damages, I will disregard that part of Selective's argument and deny that part of its motion as moot. Counts One and Two do, however, seek "reasonable counsel fees," "costs of court," "interest as provided by the Rules of Court," "incidental damages," and "consequential damages." I will therefore consider Selective's motion insofar as it seeks to dismiss those claims for damages.

2

Selective bases its argument on the policy language of Article I of 44 C.F.R. pt. 61 app. A(1), which says that policyholders are to be covered for "direct physical loss by or from flood." Citing district court case law, it contends that any relief other than compensation for "direct physical loss" is therefore beyond the scope of coverage. (*See* Selective's Br. at 12). Selective adds that the question of authorization has a Constitutional dimension under the Appropriations Clause. That Constitutional provision dictates that "'money may be paid out only through an appropriation by law; in other words, the payment of money from the Treasury must be authorized by statute.'" *Norman v. Fid. Nat'l Ins. Co.*, 354 F. App'x 934, 937 (5th Cir. 2009) (quoting *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 387 (5th Cir. 2005)).

### *Attorney's fees*

*Cole v. N.H. Ins.*, 2012 U.S. Dist. LEXIS 2513 (N.D. Miss. Jan. 9, 2012) does not support Selective's contention. That court ruled that state law claims not based on a SFIP insurer's alleged breach of contract (*i.e.*, failure to provide coverage) are preempted. The case says nothing about what type of damages are recoverable in a coverage suit. 2012 U.S. Dist. 2513 at *38-47. The same holds true of the terse opinion in *Wang v. Fid. Nat'l Ins. Program*, 2007 U.S. Dist. LEXIS 92263, *1-3 (E.D. La. Dec. 17, 2007).

Selective's position is partially supported, albeit with little reasoning, by *Cook v. USAA Gen. Indem. Co.*, 2008 U.S. Dist. LEXIS 103967, *14-16 (N.D. Cal. Dec. 16, 2008). There, the United States District Court for the Northern District of California relied on a published opinion holding that determined that the National Flood Insurance Act permits only a narrow cause of action to recover disallowed amounts under a breach of contract claim, 42 U.S.C. § 4072. *See Bianchi v. State Farm Fire & Cas. Co.*, 120 F. Supp. 2d 837, 841-842 (N.D. Cal. 2000). *Bianchi* therefore held that punitive damages, emotional distress damages, and attorneys' fees are all unrecoverable because they are not provided for by statute. Relying on *Bianchi*, *Cook* held that "the requested damages for mental and emotional distress, the punitive damages, and the attorneys' fees Plaintiffs seek are all legally unavailable." *Cook, supra,* at *15.

There is further support for the proposition that at least punitive damages and attorney's fees are barred because they are unauthorized by Congress. *See West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978) ("[A] prevailing plaintiff in a suit on a flood insurance policy issued pursuant to the National Flood Insurance Act is not entitled to recover the statutory penalty and attorney's fees allowed by state insurance law for arbitrary denial of coverage."); *Eddins v. Omega Ins. Co.*, 825 F. Supp. 752, 753 (N.D. Miss. 1993) ("There is no authorization within the statutes or the regulations of the National Flood Insurance Act which allow the recovery of punitive damages.").

3

And there is a relevant decision from within this District that Selective failed to cite. In *3608 Sounds Ave. Condo. Ass'n v. South Carolina Ins. Co.*, 58 F. Supp. 2d 499, 502 (D.N.J. 1999), District Judge Rodriguez found that neither attorney's fees nor punitive damages were recoverable in NFIA coverage claims. He reasoned that such damages were not provided for by statute, and that any claims for such damages under state law were preempted. *Id.*

I am satisfied, then, that counsel fees are not legally recoverable from Selective under Counts One and Two.

### *Costs, Interest, Incidental and Consequential Damages*

The case law does not provide as clear an answer as to the availability of costs, interest, and consequential or incidental damages.

Some indirect guidance, however, may be found in *Messa v. Omaha Prop. & Cas. Ins. Co.*, 2000 U.S. Dist. LEXIS 18661 (D.N.J. 2000). There, District Judge Simandle observed that various Courts of Appeals had held generally that the NFIA "specifically preempt[s] state principles of contract law for purposes of the interpretations of policies issued pursuant to the NFIA." *Id.* at *22. Judge Simandle therefore dismissed, as preempted, "extra-contractual claims for...consequential damages and incidental damages." Those damages claims, as it happened, were contained in state common law causes of action other than breach of contract, so *Messa* does not squarely hold that they are unavailable for breach of contract. *See id.* at *30. Still, I see no basis to confine that limitation to non-contract causes of action. Indeed, SFIP policies limit their coverage to "direct physical loss," *see* 44 CFR pt. 61 app. A(1), Art. I. Consequential and incidental damages, by contrast, are indirect in nature, arising from related harms and expenses. *See* Black's Law Dictionary 9th Ed. at 445-446. Their exclusion would not seem to depend on whether they are claimed under a contract theory, a tort theory, or some other theory. *Cf. Messa* at *22.

Here, Plaintiffs appropriately demand "compensatory damages" in the First and Second Counts of their Complaint. Thus they may potentially recover sums which should have been, but were not, paid by Selective under the SFIP. Consequential or incidental damages are, however, excluded. As to those claims for damages claims, I will grant Selective's motion to dismiss.

Turning finally to Plaintiff's demands for interest and costs, I will deny the relief sought by Selective at this time. This issue has been insufficiently briefed. The cases cited by Selective do not disallow interest or costs. The *3608 Sounds* opinion, which dismissed counsel fees and punitive damages claims, notes that plaintiff sought interest and costs but does not dismiss those claims, albeit without discussing the issue. 58 F. Supp. 2d at 501, 503.

4

Leaving interest and costs in the case will not appreciably alter its path or retard its progress. Further, they will only become an issue should Plaintiffs prevail on their primary claims for compensatory damages. I will therefore deny Selective's motion to dismiss the claims for interest and costs, and will reassess this issue if and when it becomes relevant and is raised again.

### 2. Whether Plaintiffs' Jury Demand Should be Quashed

Selective also moves, pursuant to Fed. R. Civ. P. 39(a)(2), that the Court find that Plaintiffs have "no federal right to a jury trial." (Br. Supp. Mot. At 13).

In cases involving treasury funds, Congress must "affirmatively and unambiguously" grant, by statute, the right to a jury trial. I find, as other district courts already have done, that Congress did not explicitly grant the right to trial by jury in the National Flood Insurance Act, 42 U.S.C. 4001 et seq. *See Lehman v. Nakshian,* 453 U.S. 156, 160 (1981); *Kolner v. Dir., Fed. Emergency Mgmt. Agency,* 547 F. Supp. 828, 830 (N.D. Ill. 1982); *Markey v. Louisiana Citizens Fair Plan,* 2008 WL 3884323 *2 n. 2 (E.D. La. Sept. 26, 2008). *Latz v. Gallagher,* 550 F. Supp. 257, 257-258 (W.D. Mich. 1982).

I find persuasive the reasoning of Senior District Judge Ronald Buckwalter in *Robinson v. Nationwide Mut. Ins. Co.,* 2013 U.S. Dist. LEXIS 25806, 16-17 (E.D. Pa. Feb. 26, 2013):

> Due to sovereign immunity, the constitutional right to jury trial does not extend to actions against the United States Government absent an express statutory grant from Congress. *Lehman v. Nakshian,* 453 U.S. 156, 160-62, 101 S. Ct. 2698, 69 L. Ed. 2d 548 (1981). In the context of this case, Nationwide is a participant in [FEMA]'s "Write-Your-Own Program" ("WYO"). "The WYO Program is a program whereby private insurance companies are allowed to issue, under their own names as insurers, flood insurance policies under [the NFIP]." *Battle v. Seibels Bruce Ins. Co.,* 288 F.3d 596, 599 (4th Cir. 2002)....Claim payments from WYO companies from a [SFIP] (like the one Nationwide issued to the Robinsons in this case) are made pursuant to the [NFIP], established by Congress under the National Flood Insurance Act of 1968. *Davis v. Nationwide Mut. Fire Ins. Co.,* 783 F. Supp. 2d 825, 831 (E.D. Va. 2011). Such claims are paid out of the United States Treasury, rather than from the WYO companies themselves. As a result, there is no Constitutional right to a jury trial for WYO claims. *See*

5

*id.* at 840; *Kolner* [], 547 F. Supp. 828, 830 (N.D. Ill. 1982).

Accordingly, I find, pursuant to Federal Rule of Civil Procedure 39(a)(2), that Plaintiffs have no federal right to a jury trial. The jury demand is deemed stricken.

## ORDER

Having considered defendant Selective Insurance Company of America's unopposed motion, pursuant to Fed. R. Civ. P. 12(b)(6) and 39(a)(2), to dismiss certain claims and quash the jury demand [ECF No. 9]

**IT IS,** this 23d day of June, 2014,

**ORDERED:**

that the motion is **GRANTED IN PART AND DENIED IN PART,** and

that Plaintiffs' demands for attorneys' fees, consequential damages and incidental damages are **DISMISSED WITH PREJUDICE,** and

that Plaintiffs' demand for a trial by jury is **DENIED** and deemed stricken.

_____
HON. KEVIN MCNULTY, U.S.D.J.